FILED

APR 18 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Raymond Albert Rodriguez
X-ref. No.: 5435721
Sacramento County Main Jail
651 "I" Street
Sacramento, CA 95814
(Pro Se)

In The United States District Court

For The Eastern District of California

Sacramento Division

Raymond Albert Rodriguez,
    Plaintiff,

v.

State of California,
County of Sacramento,
Watch Commander O'Brien,
Supervisor Conger,
Officer Ho,
    Defendants.

Case No.: 2:25-CV-1141 CKD (CPC)

Complaint For Damages

(42 U.S.C. § 1983)

Demand For Jury Trial

Plaintiff alleges:

1. This is an action brought under 42 U.S.C., section 1983 to recover damages against defendants for violation of Plaintiff's right to be free of Cruel and Unusual Punishment, guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. This action is also brought under 42 U.S.C., section 12101 to recover damages against defendants for violation of Plaintiff's right to

Page 1

1. be free of discrimination on the basis of Plaintiff's disibilities, gauranteed by 42 U.S.C., section 12101 (A.D.A. act of 1990).

2. The Jurisdiction of this Court is predicated on 28 U.S.C., sections 1331 and 1343.

3. Plaintiff, Raymond Albert Rodriguez, is, and at all times mentioned in this complaint was, a citizen of the United States, and a prisoner, in the custody of the Sacramento County Sheriff's Department, at Sacramento County Main Jail, in Sacramento, California.

4. Defendants Watch Commander O'brien, Supervisor Conger, and Officer Ho are, and at all times mentioned in this complaint were, residents of Sacramento County, California. Venue is therefore proper under 28 U.S.C., section 1391(b).

5. The events giving rise to this action occurred in Sacramento County, California. Venue is therefore proper under 28 U.S.C., section 1391(b).

6. Defendant Watch Commander O'brien was, at all times mentioned in this Complaint, an agent of the Sacramento County Sherriff's Office, employed as Watch Commander at Sacramento County Main Jail.

7. Defendant Conger was, at all times mentioned in this complaint, an agent of the Sacramento County Sherriff's Office, employed as Supervisor at Sacramento County Main Jail.

Page 2

8. Defendant Ho was, at all times mentioned in this Complaint, an agent of the Sacramento County Sherriff's Office, employed as a sherriff's Deputy at Sacramento County Main Jail.

9. Defendants were, at all times mentioned in this complaint, acting in the Course and scope of their employment as Watch Commander, Supervisor, and Sherriff's deputy at Sacramento County Main Jail.

10. Defendants were, at all times mentioned in this Complaint, acting under color of state law.

11. Defendants are sued in their individual and official capacities.

12. Plaintiff is incontinent causing him to urinate and/or defecate on himself.

13. Plaintiff sometimes without warning may urinate on himself day or night; awake or asleep.

14. Plaintiff sometimes without warning may defecate on himself day or night; awake or asleep.

15. Plaintiff sometimes without warning may both urinate and defecate on himself day or night; awake or asleep.

16. To address Plaintiff's medical needs he is issued an order for adult diapers; a medical chrono informing the custodian officers that Plaintiff suffers from severe incotinence and he is required to be issued clean clothing; and allowed to shower inorder to clean himself.

17. During the last week of December of 2024 Plaintiff had both urinated and defecated himself shortly after Defendant Deputy Ho (hereinafter, HO) had began his shift

at aproximately 7:00 AM.

18. Plaintiff informed Ho during his first security check of the floor that he needed clothes and a shower, due to him having urinated and defecating himself, thereby soiling his clothes.

19. Ho had told Plaintiff that he would finish his sucurity check then get him fresh clothing and allow him to shower.

20. Ho never gave Plaintiff clean clothes or let him shower.

21. Ho works 12 hour shifts and performs multiple security checks of the floor throughout Ho's 12 hour shift.

22. Plaintiff renewed his request for clean clothes and a shower each time Ho walked the floor.

23. Plaintiff has a cellmate and could not take his soiled clothing off because his cellmate did not want a naked man in the cell, thereby, Plaitiff was forced to remain in his soiled clothes all day.

24. An Officer Doe, John on the next shift gave Plaintiff clean clothes and allowed Plaintiff to shower.

25. During the first week of January of 2025, Plaintiff had a similar incident take place where he had urinated himself early in the day and despite multiple request Ho again failed to provide Plaintiff with clean clothes and a shower, thereby forcing Plaintiff to

Page 4

remain in his soiled clothing til the next shift where Officer Doe, John again gave Plaintiff clean clothes and a shower.

26. During mid January of 2025 Plaintiff defecated himself in the range of 10:00 to 10:30 AM and had informed Ho during a security check of the floor that he needed a shower and clean clothes due to him defecating himself.

27. Despite Plaintiff's multiple requests made each time Ho walked Plaintiff was forced to remain in his soiled clothing til Officer Doe, John began his shift who then gave Plaintiff clean clothes and and shower.

28. In acting as alleged in this complaint, Ho acted with deliberate indifference to Plaintiff's serious medical needs.

29. In acting as alleged in this complaint, Ho violated Plaintiff's right to be free of Cruel and Unusual Punishment, guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

30. In acting as alleged in this complaint, Ho violated Plaintiff's right to be free from discrimination on the basis of his disability, gauranteed by 42 U.S.C., section 12101 (A.D.A. act).

31. As a direct and proximate result of Ho's actions, described in this complaint, Plaintiff has suffered injury, pain, and emotional distress in that he was humiliated as he was forced to remain in fecal matter for hours while him and his cellmate had to smell Plaintiff's

Page 5

Plaintiff was not able to utilize the dayroom (out of cell time) because of the humiliation of smelling his fecal matter, thereby denying Plaintiff equal enjoyment of the public facility. Plaintiff suffered from a rash requiring medical treatment.

32. In acting as is alleged in this complaint, Ho acted knowingly, willfully, and maliciously, and with reckless and callous disregard for Plaintiff's federally protected rights.

33. Plaintiff exhausted available administrative remedies, by submitting a custodial grievance to which defendant Conger responded to with a blanket response without having actually looking into the violation of Plaintiff's federally protected rights.

34. Defendant Watch Commander O'brien is responsible for the hiring and training of his Deputies and thereby is responsible for the actions of his subordinantes.

Wherefore, Plaintiff prays judgement against defendants as follows:

1) For compensatory damages, in an amount to be determined according to proof at trial;

2) For Punitive damages, in an amount to be determined according to proof at trial;

3) For reasonable attorney's fees, pursuant to 42 U.S.C., section 1988;

4) For costs of suit incurred in this action; and

5) For such other and further relief as the Court deems proper.

Demand For Jury Trial

Plaintiff Raymond Albert Rodriguez hereby demands Jury trial.

Dated 4\13\25

Respectfully Submitted

*Raymond A Rodriguez*

Raymond Albert Rodriguez

Page 7