UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALBERT RODRIGUEZ, | No. 2:25-cv-1141 CKD P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that plaintiff may proceed on a claim against defendant Ho arising under the Fourteenth Amendment for Ho being at least deliberately indifferent to plaintiff's exposure to unsanitary conditions of confinement. Plaintiff has two options: (1) proceed on that claim; or (2) seek leave to file an amended complaint in an attempt to cure deficiencies with respect to other claims.

In deciding whether to amend, plaintiff is informed as follows:

1. The State of California is not an appropriate defendant in this action because, among other things, the events described took place in the Sacramento County Jail.

2. Plaintiff names Sacramento County as a defendant. Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

3. Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. Plaintiff asserts a violation of the ADA but does not show exclusion or discrimination because of a disability.

4. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423

U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations against supervisors simply because they are in charge are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). There is no vicarious liability in a § 1983 action.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on a claim against defendant Ho arising under the Fourteenth Amendment for Ho being at least deliberately indifferent to plaintiff's exposure to unsanitary conditions of confinement and voluntarily dismiss all other claims or (2) file an amended complaint in an attempt to cure the deficiencies in his complaint with respect to his other claims. If plaintiff does not return the form, this action will proceed on the claims described above and the court will recommend all other claims and defendants be dismissed.

Dated: September 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rodr1141.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALBERT RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:25-cv-1141 CKD P<br><br>PLAINTIFF'S NOTICE OF<br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed on a claim against defendant Ho arising under the Fourteenth Amendment for Ho being at least deliberately indifferent to plaintiff's exposure to unsanitary conditions of confinement; **OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

_____
Plaintiff

4